United States District Court
Southern District of Texas
**ENTERED**
July 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH RIOS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-402 |
| § | |
| R. SALINAS, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 18). On May 20, 2016, United States Magistrate Judge B. Janice Ellington issued her "Memorandum and Recommendation on Defendant's Motion for Summary Judgment" (D.E. 28), recommending that the motion be granted. Plaintiff filed his objections (D.E. 30) on June 6, 2016. D.E. 30, p. 11.

The M&R recommends that this action be dismissed on the basis that Plaintiff failed to exhaust his administrative remedies. Plaintiff objects because (1) the Magistrate Judge did not consider his response to the motion for summary judgment; (2) he is not required to exhaust administrative remedies for a claim that a TDCJ official assaulted him; (3) he did sufficiently comply with the grievance process to exhaust his administrative remedies; and (4) he should be excused from exhausting administrative remedies because it was futile.

First, the Magistrate Judge erred in failing to take Plaintiff's summary judgment response into consideration. By Order (D.E. 23), Plaintiff had until May 16, 2016, to file

his response.  Plaintiff filed his "Motion to Dismiss in Response to Defendant's Motion for Summary Judgment" (D.E. 25) by delivering it to prison authorities to be placed in the mail on or before May 13, 2016.  D.E. 25, p. 24.  While it was not docketed with this Court until May 19, 2016, it is deemed filed on the day it was delivered to the proper authority.  *E.g.*, *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (applying *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

The Court therefore SUSTAINS Plaintiff's first objection.  However, the result of this determination, alone, does not require rejecting the M&R.  The Court must now address the remaining issues that go to the question whether Plaintiff's action should be dismissed for failure to exhaust administrative remedies, as addressed by Plaintiff's second, third, and fourth objections.

Second, Plaintiff contends that his action, based on a TDCJ guard allegedly assaulting him, does not require the exhaustion of administrative remedies.  He cites two cases for this proposition:  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) and *Rodriguez v. Berbary*, 992 F. Supp. 592, 593 (W.D.N.Y. 1998).  *Rodriguez* interpreted *Farmer* to require exhaustion of administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) only in cases involving "conditions of confinement," which it interpreted to exclude from its scope assaults by correctional officers.

The Supreme Court has rejected this application of its holding in *Farmer*.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that all prisoner claims regarding prison life must first be administratively exhausted, including assault).  And the Fifth Circuit has required exhaustion of administrative remedies in assault cases where it was the guard,

rather than a fellow inmate, that assaulted the plaintiff. *E.g., Johnson v. Louisiana ex rel. Louisiana Dep't of Pub. Safety & Corr*., 468 F.3d 278, 279-80 (5th Cir. 2006). Plaintiff's second objection is OVERRULED.

Third, Plaintiff claims that he did exhaust his administrative remedies, suggesting that he had excuses for late filing and that the Magistrate Judge failed to credit both of his grievances. TDCJ's administrative review policy requires that step 1 grievances be filed within 15 days of the event complained of. Once a decision is made on the step 1 grievance, the step 2 appeal must be filed within 15 days of receipt of the decision. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (describing TDCJ grievance process).

Plaintiff's complaint is based upon an incident that took place on July 24, 2015, in which Defendant was confronted by a prisoner who was not complying with prison rules. In response to that prisoner's obstinance, Defendant released a chemical agent to gas the prisoner. This also gassed other innocent prisoners in the vicinity. Afterward, nearby innocent prisoners, including Plaintiff, were convicted in disciplinary cases in an alleged attempt to cover-up the use of the gas on innocent inmates.

Plaintiff timely filed his Step 1 Grievance, No. 2015187770, on July 31, 2015. D.E. 18-2, p. 3. In this grievance, he complained of being subjected to the gas and requested dismissal of any disciplinary cases and an investigation of the use of force. On August 13, 2015, the grievance was rejected because the incident had been reported and the Use of Force Plan provided for Unit, Regional, and Administration level reviews and no further action on the grievance was warranted. *Id*., p. 4.

Plaintiff claims that he did not timely receive the ruling on this Step 1 Grievance because his cell assignment changed and the ruling was sent to the old cell. He testifies that he received it on August 21, 2015, and filed his Step 2 Appeal on February 1, 2016. D.E. 18-3, p. 3; D.E. 25, p. 11. The Step 2 was rejected on February 9, 2016, because the grievable time had expired. *Id.*, p. 4. Plaintiff's Step 2 Appeal was clearly untimely under the prescribed process.

Plaintiff's excuses for not timely filing his Step 2 Appeal of Grievance No. 2015187770 are insufficient bases for relief here. His complaint that notice of the Step 1 decision was delayed by sending it to the wrong cell is of no import because his Step 2 appeal deadline began to run from the time he actually received the initial decision. This rule takes into account this sort of delay. So he had fifteen days from August 21, 2015, to file the Step 2 Appeal. He has not explained any reason that he delayed filing for five months.

His complaint that the grievance process was not adequately explained is of no consequence. He claims that TDCJ and/or an in-house publication caused him to believe that he could not file his second Step 2 within seven (7) days of another grievance. That other grievance was filed August 21, 2015, the same date that he received the Step 1 denial on Grievance 2015187770. Had he waited seven days to file his second Step 2, he still would have been well within his 15-day deadline. His confusion does not explain any delay, much less a delay that so grossly exceeds the 15-day deadline.

Plaintiff also claims that he filed another grievance that actually did exhaust his administrative remedies. His Step 1 Grievance No. 2015191821, filed on August 7,

2015, complained about his disciplinary conviction and asked that it be overturned. D.E. 25, p. 16. Step 1 relief was denied on August 18, 2015. *Id.*, p. 17. Plaintiff then filed his Step 2 Appeal on August 21, 2015. D.E. 25, pp. 17, 19. On appeal, the requested relief was granted and the disciplinary conviction was overturned. *Id.*, p. 20. This second grievance did not seek any other relief regarding an alleged assault. It was directed only to his innocence with respect to the disciplinary charges and the alleged lack of procedural due process afforded to him during the hearing. The second grievance does not exhaust his assault claims.

Plaintiff's third objection that he adequately exhausted his administrative remedies under the circumstances is OVERRULED.

Fourth, Plaintiff objects that he should not be faulted for failure to exhaust administrative remedies because the effort would have been futile. *E.g., DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992). This excuse from compliance with the grievance procedure, if it applies, requires proof that it is clear that the claim would be rejected. *Id*. Plaintiff's claim of futility is substantially undermined by the success of his Step 2 Appeal of Grievance No. 2015191821. It was not a foregone conclusion that TDCJ would reject the claim that he had been improperly subjected to the use of force, such that it was excessive. Raising the substantive issue was not futile.

Likewise, the fact that he requests damages in this case does not render the administrative procedure futile. Complaint, D.E. 1, p. 4 (seeking damages). Even where damages cannot be awarded through an administrative procedure, it must be exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Plaintiff's fourth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court SUSTAINS Plaintiff's objection regarding consideration of his response to the motion for summary judgment and, after conducting that review, **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as modified and supplemented herein. Accordingly, Defendant's Motion for Summary Judgment (D.E. 18) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 20th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE